# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID A. GONZALEZ, AN
INDIVIDUAL,
Appellant,
vs.
THE STATE OF NEVADA; THE STATE
OF NEVADA DEPARTMENT OF
CONSERVATION AND NATURAL
RESOURCES; THE STATE OF
NEVADA, DIVISION OF FORESTRY;
STEVE SISOLAK, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF
NEVADA; BRADLEY CROWELL, IN
HIS OFFICIAL CAPACITY AS
DIRECTOR OF NEVADA
DEPARTMENT OF CONSERVATION
AND NATURAL RESOURCES; AND
KACEY KC, IN HER OFFICIAL
CAPACITY AS NEVADA STATE
FORESTER FIREWARDEN;
COLLECTIVELY,
Respondents.

No. 82762

FILED

AUG 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint for unpaid wages. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant David Gonzalez, an inmate in the Nevada Department of Corrections, was contracted by the Nevada Division of Forestry "to perform work related to firefighting. . . and other work projects" in accordance with NRS 209.457(2)(a). He was paid approximately $3 per day and an additional $1 per hour for emergency incident response assignments. In the underlying action, Gonzalez claimed backpay, arguing

22-24491

that he was entitled to minimum wage for his employment with the inmate work program pursuant to Article 15, Section 16 of the Nevada State Constitution, the Minimum Wage Amendment (MWA). *See* Nev. Const. art. 15, § 16(C). The district court granted the State's motion to dismiss after determining that an inmate working pursuant to an inmate work program in Nevada does not meet the definition of an "employee" under the MWA. This appeal followed. We affirm.

The MWA was approved and ratified by Nevada voters in 2004 and 2006 "to provide higher wages to employees . . . in order to fight poverty and ensure that workers who are the backbone of our economy receive fair paychecks that allow them and their families to live above the poverty line." *See MDC Rests., LLC v. Eighth Judicial Dist. Court*, 134 Nev. 315, 324, 419 P.3d 148, 155 (2018) (internal quotations omitted); *see also* Nev. Const. art. 15, § 16(C). In many significant aspects, such as determining whether an employment relationship exists, the standards under the MWA run parallel to those of the federal Fair Labor Standards Act (FLSA). *See Doe Dancer I v. La Fuente, Inc.*, 137 Nev., Adv. Op. 3, 481 P.3d 860, 866-67 (2021); *Terry v. Sapphire Gentlemen's Club,* 130 Nev. 879, 883-86, 336 P.3d 951, 955-56 (2014).

Federal courts have considered the issue of whether inmates in work programs are guaranteed a minimum wage under the federal Fair Labor Standards Act (FLSA) and concluded that they are not. We find these decisions persuasive. In *Morgan v. MacDonald*, 41 F.3d 1291, 1293 (9th Cir. 1994), the Ninth Circuit held that the minimum wage provisions of FLSA did not apply to a Nevada inmate because he was not an employee under the economic realities test. In doing so, the court reaffirmed its holding in *Hale v. Arizona*, 993 F.2d 1387 (9th Cir. 1993), explaining that:

> Under [NRS] 209.461, all inmates are required to work or receive training for 40 hours each week. Thus, Morgan was in no sense free to bargain with would-be employers for the sale of his labor; his work at the prison was merely an incident of his incarceration. Morgan and the prison didn't contract with one another for mutual economic gain, as would be the case in a true employment relationship; their affiliation was penological, not pecuniary. Because the economic reality of Morgan's work at the prison clearly indicates that his labor belonged to the institution, he cannot be deemed an employee under the FLSA.

*Morgan*, 41 F.3d at 1293 (internal citations and quotations omitted). Similarly, in *Vanskike v. Peters*, the Seventh Circuit explained that federal courts have generally declined to extend the FLSA's minimum wage provision to prisoners who work in prison. 974 F.2d 806, 807-08 (7th Cir. 1992). While an employee's status is determined by the totality of the circumstances rather than any technical label, *id.* at 808, the court noted that the evil of substandard wages does not apply where a worker's welfare is not a function of wages. *Id.* at 810-11.

The federal cases are instructive here. The primary goals of the MWA are two-fold: (1) raise the minimum wage and, (2) broaden the class of workers with access to the minimum wage, so that workers are prevented from falling into substandard living conditions. *See MDC Rests.*, 134 Nev. at 324, 419 P.3d at 155; *see also Terry*, 130 Nev. at 884, 336 P.3d at 955 (noting that the MWA signals "voters' wish that more, not fewer, persons would receive minimum wage protections"). Likewise, the central purpose of the FLSA is to ensure a minimum standard of living for workers. *See Morgan*, 41 F.3d at 1292; *Vanskike*, 974 F.2d at 810-11. As observed in *Morgan*, *Vanskike*, and other cases applying the FLSA, the fundamental relationship between employers and employees vastly differs from the

relationship between the State and inmates. The concern of falling into substandard living conditions, or the evils of substandard wages, do not apply to inmates, who are guaranteed housing, meals, medical attention, and the ability to participate in work programs in exchange for sentence-reduction credits. *Vanskike*, 974 F.2d at 810-11. The realities of incarceration, and the working relationship that stems from inmate work programs, are not based on an economic relationship between inmates and the State, but rather a penological and rehabilitative relationship. *Morgan*, 41 F.3d at 1293. Thus, Gonzalez was not an "employee" for purposes of the MWA. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Herndon

PICKERING, J., concurring:

I join the order affirming the district court's dismissal. I write separately to note that, while the circumstances under which an incarcerated individual has been held entitled to minimum wage are rare, the law does not categorically exclude such individuals from the protections of the FLSA and other minimum wage laws. *See Henthorn v. Dep't of Navy*, 29 F.3d 682, 685 (D.C. Cir. 1994) ("[M]ost courts refuse to hold that prisoners are categorically barred from ever being 'employees' within the meaning of the FLSA merely because of their prisoner status.") (emphasis omitted); *Barnett v. Young Men's Christian Ass'n, Inc.*, No. 98-3625, 1999 WL 110547 (8th Cir. Mar. 4, 1999); *Watson v. Graves*, 909 F.2d 1549 (5th Cir. 1990). The complaint in this case does not allege circumstances entitling the plaintiff to minimum wage. But the outcome could be different under different circumstances.

_____, J.
Pickering

cc: Hon. Adriana Escobar, District Judge
Gallian Welker & Beckstrom, LC/Las Vegas
Attorney General/Carson City
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A